## AFFIDAVIT

I, Michael A. Thrapp, being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

## INTRODUCTION AND AGENT BACKROUND

1. Your affiant is a sworn police officer with the Aurora Police Department and has been employed as a Detective by the Aurora Police Department (APD) for 35 years with various assignments to include 8 years with the Intelligence Unit with duties of working undercover operations on criminal activity involving gambling, illegal narcotics, and various organized crime investigations.  Your affiant further spent 8 years with Gang Intervention Unit with various duties to include investigations of Criminal Street gangs involved in illegal narcotics, weapons violations, and the violent crimes of assault, robbery and homicide. Your affiant has been assigned as a Task Force Officer (TFO) to the Federal Bureau of Investigation (FBI) Rocky Mountain Safe Streets Task Force (RMSSTF) for over 8 years which investigates violent crimes in the Denver Metropolitan area to include business robberies and other violent crimes.

2. This affidavit is submitted in support of an application for an arrest warrant for Wayne Tyner for the violations of 18 U.S.C. §§ 1039 and 2, Fraud in Connection with Obtaining Confidential Phone Records and Aiding and Abetting the Same.

## INVESTIGATION

3. On November 26, 2018 the FBI Rocky Mountain Safe Streets Task Force (RMSSTF) was contacted about possible fraud in connection with emergency requests made to cell

1

phone carriers for location assistance.  Each of the four carriers -- Sprint Corporation, Verizon Wireless, T-Mobile USA, and ATT Wireless -- have 24 hour Law Enforcement assistance operators that are available to assist in emergencies across the United States to aid any law enforcement agency that is involved in an emergency that potentially involves death or serious bodily injury.

4. Information is provided by these cell phone companies with legal court process compelling the companies to assist law enforcement; or, in an emergency, without legal process if the situation potentially involves death or serious bodily injury that could occur without immediate action.

5. Verizon Wireless advised that since June of 2018 until November 2018, five emergency requests for cell phone data were made on the Verizon Law Enforcement Help Center by a male who identified himself as Matthew Marre, claiming to be an investigator for the "Colorado Department of Public Safety" and the "Colorado Task Force."  During all five calls Verizon believed Marre was acting in the capacity of a law enforcement officer requesting immediate release of cell phone information from Verizon Wireless under federal laws 18 U.S.C. § 2702(b) and/or 18 U.S.C. §2702(c)(4) authorizing emergency disclosure.  Each time Marre claimed an emergency that potentially involved the danger of death or serious physical harm.  Verizon released the requested cell phone records to include GPS location to Matthew Marre.

6. On the fifth call in November of 2018, Verizon employees became suspicious that Marre may not be a law enforcement officer.  When Verizon employees called Marre back to verify he was with a law enforcement agency, they found that the number provided by

Marre did not belong to a legal law enforcement agency. Verizon notified the FBI that confidential phone records information to include GPS data was released to a Marre after Marre fraudulently claimed to be a law enforcement officer.

7. Investigators researched the phone numbers used by Marre for these requests, which were 720-354-0721 and 970-408-0773. Publicly available information verified these numbers were used by Matthew Marre. Multiple public sources, as well as law enforcement data bases, show Matthew Marre is working as a contractor for at least three Bail Bonds companies to locate and detain persons who have court bonds posted throughout various courts in the state of Colorado. The common or "street" term for this job action is often called a "bail bondsman", "bounty hunter" and "fugitive recovery agent", all who are private citizens with no law enforcement power under state or federal law. Further, Marre was previously convicted of a felony and was thus ineligible for employment as a law enforcement officer. Investigation revealed that Marre was fraudulently obtaining the confidential phone records information, specifically GPS location data, in order to gain commercial advantage and economic gain in his work as a bounty hunter.

8. Believing Marre might have been in contact with the other three main national cell phone companies, investigators contacted ATT, T-Mobile and Sprint Wireless law enforcement assistance departments to see if Marre fraudulently obtained confidential phone records information from them as well. Investigation showed that he had done so.

9. Investigation showed that Matthew Marre called AT&T three times on August 19, 2018. Marre first spoke with an operator and explained that he was calling about phone number 210-716-5683. Marre said that a third party called 911 on behalf of the number

and the person was making suicidal statements to "agents" and family members. Marre was asked to provide an e-mail address. Marre told AT&T the email matthew.marre@cotf.us. Marre gave his dispatch number as 970-408-0773 and identified himself as "Investigator Matthew Marre" with Colorado Public Safety. The AT&T operator then called 970-408-0773 and got a voice mail recording.

10. When AT&T got back on the call with Marre, the operator told Marre that he is trying to reach the number Marre provided, but was unable to reach anyone. Marre then told the operator that his supervisor accidently bumped the phone and told him to try again. The operator asked for the supervisor's name and title, and Marre responded that his supervisor was "Sergeant Wayne Hays" and says he is the "Supervisory Agent."

11. The operator then asked for Marre's badge number, which Marre said was "6003." Marre also said he is with "Colorado Public Safety" and provided an address as 308 Mountain View Avenue, Johnstown Colorado. The operator again called to confirm Marre's status, and got a voicemail that said, "You have reached the Colorado Department of Public Safety" and that it is after hours. The operator then got back on the line with Marre and asked him for another dispatch phone number besides the supervisor's number. Marre said they did not have a dispatch center, because they are a "hodge podge of different groups" and not "one specific agency."

12. The AT&T operator put Marre on hold again and called the Colorado State Patrol; the Johnstown Police; and, finally reached a dispatcher with the Weld County Communications Center. Weld County Dispatch was unable to confirm who Matthew Marre was or whether he worked for a law enforcement agency.

13. When the AT&T operator returned to Marre, Marre questioned why it was taking so long and wanted to know what he could do to expedite things since this was an "emergency situation."

14. Still trying to assist Marre, the AT&T operator then called and spoke with a male who identified himself as "Sgt. Wayne Hays." This person was, in fact the defendant, Wayne Tyner. When the Tyner answered the phone he did not give a last name right away. Tyner initially forgot what the false name was that he was giving, first saying that his name was "Sgt Wayne Hall." Tyner then corrected himself and changed it to "Hays." The AT&T operator told Tyner that he was calling to verify that Marre is on duty. Tyner confirmed that Marre was "on duty" and said that his own (Hays) badge number was "1926." The AT&T operator got back on the phone with Marre and confirmed the number Marre wanted pings for and told Marre he would call Marre back on the number 720-354-0721.

15. Tyner's co-conspirator, Matthew Marre, pleaded guilty after being indicted and agreed to cooperate with law enforcement. Marre identified Tyner as the person pretending to be Sgt. Wayne Hays. Witness Cody Daig, who knew both Marre and Tyner, identified Tyner's voice on the AT&T recordings as the person pretending to be Marre's law enforcement supervisor "Wayne Hays."

16. Marre explained that Tyner knew Marre was not a law enforcement officer when he agreed to help Marre in attempting to trick AT&T into believing Marre was a law enforcement officer. Tyner talked with Marre and agreed to answer Marre's office number, 970-408-0773. When AT&T called 970-408-0773 on August 19, 2018 in an

5

attempt to verify Marre's status with a supervisor, Tyner answered and falsely told them that Marre was a law enforcement officer working on a case involving exigent circumstances.

## CONCLUSION

17. Based on the investigation described above, probable cause exists to believe that Wayne Tyner has committed the federal violation of 18 U.S.C. §§ 1039 (Fraud in Connection with Obtaining Confidential Phone Records) and 2 (Aiding and Abetting the Same).

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

>  *s/Michael Thrapp*
> MICHAEL THRAPP
> TASK FORCE OFFICER
> FBI (Denver) Safe Streets Task Force

Sworn to before me this  14th  day of October, 2020.

_Michael E. Hegarty_
United States Magistrate Judge

Application for search warrant was reviewed and is submitted by Greg Holloway, Assistant United States Attorney

6